In the Matter of the Application of FUSION ASSOCIATION OF THE NINTH ASSEMBLY DISTRICT, BOROUGH OF BROOKLYN, INC., for the Approval of Its Certificate of Incorporation, etc.

Supreme Court, Kings County, May 15, 1934.

*Philip Sagou,* for the application.

*Walter M. Weiss,* for the City Fusion Party, opposed.

BONYNGE, J. When a justice of this court begins his assignment in Special Term, Part II, he is presented with a letter from the City Fusion party requesting or warning him not to approve the certificate of incorporation of any proposed membership corporation containing the word "Fusion." During April, 1934, application was made for the approval of a charter bearing the name "Fusion Association of the Ninth Assembly District, Borough of Brooklyn, Inc.," and action thereon was suspended pending notice to the City Fusion party. Such notice being given, argument was had and affidavits and briefs were filed. The claims advanced by the respective contenders present the sharp question as to whether a political group or party may be and remain selective or must accept all who profess allegiance to its cause. In the absence of any controlling authority, some thought may properly be given to the prevailing custom in such matters.

In the course of a year a justice of this court passes upon a large number of certificates of proposed membership corporations professing to harbor Democratic or Republican leanings. These are

proffered by men, women, blacks, whites, newly made citizens and Mayflower descendants. In no single instance has any one of the rascally fellows who are supposed to boss those two parties intervened to suggest that any such application be either approved or rejected. Seemingly they are committed to the view that a political party must welcome both the washed and the unwashed, or else they recognize the utter impossibility of foretelling the vagaries of a voter's mind and are thus content to leave the problem with the courts. Any different attitude might readily prove to be the source of great embarrassment. Thus if the " Ukranian Ladies Republican Club of Erie Basin " offered a charter for approval, should the court repair to the reputed leader of that district or to Mr. Crews or Mr. Macy for light and guidance as to the political fealty and good intentions of the ladies in question? Or again, if the " Unterrified Colored Democratic Legion of Greenpoint " sought judicial approval, would it be incumbent upon the court to wait, hat in hand, until Mr. McGuinness of Greenpoint, or Mr. Farley of Washington, was pleased to indicate his approbation? In view of these considerations it would seem that the court might, with greater security, respond to the urge of its own conscience than to the nod of some titular leader.

The facts presented upon this application sustain the foregoing observations. It appears that during the last campaign Mr. Joseph C. Israels was leader of the Fusion forces in the ninth assembly district. After the election a division occurred and Mr. Israels became the head of the faction which now seeks to incorporate. A month ago he died and now the district has been divided into three zones, each with a separate leader. The present opposition seems to have its roots in the fertile soil of Manhattan. If the party has an acknowledged leader of county or city-wide authority, he has not been identified here and hence the court should not essay the dubious task of determining where or in whose hands the reins of authority end.

The conclusion is inescapable that a policical group or party which seeks the support of the multitude on election day cannot turn its back upon them the day after. Those who profess fealty to its principles should not be denied the right to carry on, in corporate guise or otherwise, even though, as here, one of the purposes of incorporation is to obtain a bar license. Malt and hops are possibly better seasoning for political platforms than cold water.

Application granted and certificate approved.